UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cv-00354

| | | |
|---|---|---|
| BARNEY CULP, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRIDGE TERMINAL TRANSPORT INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before this Court upon Plaintiff's "Motion to Transfer" (Document #4). Pursuant to 28 U.S.C. § 1404(a), Plaintiff contends that this Court should transfer this action from the United States District Court for the Western District of North Carolina to the United States District Court for the Southern District of Georgia on the grounds of the convenience to the parties and witnesses and in the interest of justice. For the reasons set forth below, this Motion is DENIED.

**I. BACKGROUND**

On September 19, 2005, Plaintiff Barney Culp, III executed an Independent Contractor Operating Contract (the "Contract") to provide trucking services for Defendant Bridge Terminal Transport, Inc. The Contract contains a forum-selection clause in which both parties agree that all disputes will be litigated in Charlotte, North Carolina. Plaintiff alleges Defendant breached the Contract. Pursuant to the forum selection clause within the Contract, Culp filed this action in

1

the United States District Court, Western District of North Carolina.

## II. DISCUSSION

28 U.S.C §1404(a) provides the district court with discretion when adjudicating motions for transfer. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). When ruling on motions for transfer, courts should consider issues of "convenience and fairness" on an "individual, case-by-case" basis. Id. (quoting Van Dusen v. Barrack, 376 U.S. 612 (1964)). Courts must "consider and weigh the following specific, judge-made factors when ruling on §1404(a) motion for transfer: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws." Republic Mortg. Ins. Co. v. Brightware, Inc., 35 F. Supp. 482 (M.D.N.C. 1999); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 527 (M.D.N.C. 1996) (citing Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F.Supp. 446, 450-51 (W.D.N.C. 1989)). The presence of a forum-selection clause, such as the one the parties entered into in this case, "will be a significant factor that figures centrally in the district court's calculus." Stewart, 487 U.S. at 29.

In this case, Plaintiff and Defendant entered into a business contract stipulating that all contract disputes will be resolved in Charlotte, North Carolina. Furthermore, in recognition and compliance with the contract, Plaintiff initiated this action in Charlotte, North Carolina. By signing the Contract and filing this action in the United States District Court of the Western District of North Carolina, Plaintiff has chosen Charlotte, North Carolina as the forum for this action.

This case deals with the breach of a contract. Plaintiff will have minimal difficulty transporting any documentation that deals with the breach of contract issue. Moreover, any documentation or records relating to the Contract, possessed by Defendant, are kept in Charlotte, North Carolina.

Plaintiff contends that the witnesses he intends to call are Georgia residents and have expressed an unwillingness to attend a trial in the Western District of North Carolina; a contention that is unsupported by any presented evidence. Plaintiff failed to submit any declaration or affidavit in support of his assertions. However, Defendant has submitted a declaration from Paul Gigis, an individual listed as a witness for Plaintiff, in which Mr. Gigis states that he will be available for any proceeding in this Court, which contradicts Plaintiff's assertions.

The administrative difficulties and enforceability of a judgment are neutral factors in this analysis. Both forums face the same potential hazards in administrating law and enforcing the judgment. Neither forum is more adept than the other to hear this action.

Avoiding problems with conflicting laws, the local interest of settling disputes at home, and having a court apply its own laws in a diversity matter are neutral factors in this analysis. At

trial, either court would be applying the law of another state, Florida.

In this case, Plaintiff fails to demonstrate that proceeding to trial in the Western District of North Carolina would be unreasonable. Plaintiff's choice of forum and his inability to produce any declaration or affidavit to support his unwilling witness contentions illustrate that the Western District of North Carolina is a reasonable forum for this action. Accordingly, the Motion to Transfer is hereby DENIED.

IT IS SO ORDERED.

Signed: June 24, 2008

Graham C. Mullen
United States District Judge